UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARY HEUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:18-CV-948 JD |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Mary Heuer filed this case against the company that services her mortgage,

alleging a litany of statutory violations. She alleges that Nationstar Mortgage LLC failed to

timely notify her when it became her servicer, failed to credit payments to her account, charged

improper fees, and failed to respond to a written request for information. Nationstar moves to

dismiss the complaint in its entirety, arguing that Ms. Heuer's claims are procedurally and

substantively deficient. The Court disagrees and denies the motion.

### I.  FACTUAL BACKGROUND

Ms. Heuer took out a mortgage on her property in 2009. Her loan was initially serviced

by Bank of America. In June 2013, servicing was transferred to defendant Nationstar Mortgage

LLC. Ms. Heuer alleges that Nationstar failed to notify her of the transfer of servicing until three

months later. She also alleges that Nationstar charged her late fees within sixty days of the

transfer, even though she timely made payments to the transferor. Ms. Heuer further alleges that

Nationstar took out force-placed insurance on her property in August 2013, even though she

maintained insurance throughout the life of the mortgage and Nationstar was aware of her

insurance. Nationstar paid for that insurance out of her escrow account, which increased her

future payments. In addition, Ms. Heuer alleges that Nationstar placed her monthly payments

into a suspense account instead of crediting them against her account, even though her account was current. She finally alleges that Nationstar imposed late fees that exceeded the four percent fees allowed under the loan.

Ms. Heuer retained counsel, who sent Nationstar a written request for information about the loan. While Nationstar acknowledged receipt of the letter and provided some preliminary information in response, it never provided a complete response to the inquiries in the letter. Ms. Heuer thus filed this suit against Nationstar in November 2018. Nationstar moved to dismiss under Rule 12(b)(6). Briefing on that motion concluded when Nationstar filed a reply brief. Local Rule 7-1(d). Without seeking leave, Ms. Heuer then filed a "Final Response" to the motion. Because Ms. Heuer did not seek leave to file a sur-reply, and because the filing contains no substantive argument anyway, the Court strikes that filing.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its

2

judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th

Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### III.  DISCUSSION

Ms. Heuer's complaint asserts six counts, alleging violations of the Real Estate

Settlement Procedures Act, the Truth in Lending Act, and the Fair Debt Collection Practices Act.

Nationstar moves to dismiss the complaint in its entirety. It first argues that several of the claims

should be dismissed on procedural grounds under the statute of limitations, but its own motion is

procedurally deficient in that respect. Nationstar also argues that the claims fail on their merits,

but those arguments fail to respect the principle that allegations must be accepted as true on a

motion to dismiss, as Nationstar's arguments rely largely on disputing the allegations in Ms.

Heuer's complaint. The Court therefore denies the motion to dismiss.

### A.      Statute of Limitations

Nationstar first moves to dismiss several of the claims, in whole or in part, as barred by

the statute of limitations. Nationstar's own motion is procedurally improper, though. The statute

of limitations is an affirmative defense. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027,

1030 (7th Cir. 2004). That means, first, that a motion invoking the statute of limitations at the

pleading stage should be brought under Rule 12(c), not Rule 12(b)(6). *Brownmark Films, LLC v.

Comedy Partners*, 682 F.3d 687, 690 n.1 (7th Cir. 2012) ("[W]e have repeatedly cautioned that

the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the

complaint."); *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Nationstar filed its motion

under Rule 12(b)(6), and it has not filed an answer to the complaint, which is a prerequisite to a

motion under Rule 12(c).

Courts will often overlook that distinction when the difference is only semantic. *E.g.*,

*Brooks*, 578 F.3d at 579. The Court declines to do so here, though, as Nationstar fails to confront

another effect of this procedural posture. A complaint has no duty to "anticipate and attempt to plead around affirmative defenses," and the "mere presence of a potential affirmative defense does not render the claim for relief invalid." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Thus, a complaint need not show that its claims are timely. Rather, "dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.* "In other words, the plaintiff 'must affirmatively plead himself out of court'" for a claim to be dismissed as untimely at the pleading stage. *Id.*; *see also Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.").

Nationstar's filings do not acknowledge or confront this standard. Nationstar argues that one claim is barred by the statute of limitations because the complaint is "vague" as to "when exactly" the violation occurred. [DE 14]. That statement forecloses Nationstar's own argument, though. Ms. Heuer has no obligation to plead that the claim is not barred by an affirmative defense. And if the complaint is vague as to when the violation occurred, then it has not unambiguously established that the claim is untimely, so Ms. Heuer has not pled herself out of court. Nationstar's arguments as to the other claims are conclusory and fail to engage with the applicable standard of review. Also, Ms. Heuer argues in part that the statute of limitations should be tolled, which could depend on facts that may be external to the complaint. *Reiser*, 380 F.3d at 1030 ("[B]ecause the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)."). At later stages of the case, at which Ms. Heuer will bear a burden of proof, the statute of limitations may pose an impediment to Ms. Heuer's claims.

But Nationstar has failed to establish that dismissal is warranted on the pleadings, so the Court will not grant the motion to dismiss on that basis.

## B.     Merits

Nationstar also argues that each of Mr. Heuer's claims fail on their merits. The Court addresses each claim in turn.

### Count 1

Mr. Heuer first alleges that Nationstar failed to timely notify her of the transfer of the servicing of her loan, as required by the Real Estate Settlement Procedures Act. Under that act, when servicing of a loan is transferred, the transferor must notify the borrower at least 15 days before the transfer, and the transferee must provide notice no more than 15 days after the transfer. 12 U.S.C. § 2605(b), (c). Ms. Heuer alleges that when the servicing of her loan was transferred to Nationstar, Nationstar did not notify her until 3 months after the transfer.

In moving to dismiss, Nationstar notes that Ms. Heuer's complaint cites the statutory subsection that applies to transferors, not transferees. However, a complaint need not plead legal theories in the first place, so providing an incorrect statutory citation is not fatal. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) (holding that a plaintiff "cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all"). Nationstar also objects that the complaint alleges that Nationstar failed to provide notice at least 15 days before the transfer—a duty that belongs only to the transferor, not the transferee. However, the complaint also alleges that Nationstar failed to provide notice until 3 months after the transfer. [DE 1 ¶ 18]. Since a transferee must provide notice within 15 days after the transfer, 12 U.S.C.

§ 1605(c)(2)(A), a failure a provide notice for 3 months would violate that duty, so the complaint states a claim on that basis.

**Count 2**

Count 2 alleges that Nationstar failed to credit Ms. Heuer's monthly payments to her account, and instead placed those payments into a suspense account. Ms. Heuer argues that this violated the Truth in Lending Act's requirement that a servicer credit payments to a loan account as of the date of receipt. 15 U.S.C. § 1639f(a). In moving to dismiss, Nationstar argues that it was justified in placing the payments into a suspense account. It argues that when a borrower makes less than a full monthly payment, the regulations allow a servicer to place the payment into a suspense account until the borrower makes the full monthly payment. Nationstar argues that it increased Ms. Heuer's monthly payment to reflect a higher escrow payment, and that Ms. Heuer failed to pay the increased amount. Because those payments did not cover the entire new monthly payment, Nationstar argues that it was entitled to place the payments into a suspense account instead of applying them to her account.

This argument relies on rejecting the allegations in Ms. Heuer's complaint, though. Ms. Heuer alleges that Nationstar marked her account as in forbearance "while the account was current" and began placing monthly payments into a suspense account even though she continued to make monthly payments. [DE 1 ¶ 26–28]. She also alleges that Nationstar began placing her payments into a suspense account even before it increased her monthly payment. Perhaps the evidence will disprove those allegations, but the Court must accept those allegations as true in ruling on a motion to dismiss. *Reynolds*, 623 F.3d at 1146. The Court thus denies the motion to dismiss as to this count.

**Count 3**

In Count 3, Ms. Heuer alleges that Nationstar violated the Real Estate Settlement Procedure Act by taking out hazard insurance on her property when it knew that she already had insurance on the property. Ms. Heuer alleges that this violated Nationstar's obligation not to obtain force-placed hazard insurance without a reasonable basis to believe she failed to comply with her loan's requirement to maintain insurance. 12 U.S.C. § 1605(k)(1)(A). Nationstar argues that this claim fails because Ms. Heuer did not specifically allege that her insurance complied with her loan and was in place on the date Nationstar obtained insurance. That argument slices the complaint's allegations too thin, though. The complaint alleges that Ms. Heuer maintained homeowner's insurance throughout the life of the mortgage, that Nationstar was aware of the insurance, and that Nationstar obtained force-placed insurance without a reasonable basis to believe that she failed to comply with the loan's requirement. [DE 1 ¶ 24, 44–46]. That suffices to state a claim that Nationstar should not have obtained the insurance.

Nationstar also argues that the claim should be dismissed because it later gave Ms. Heuer a partial refund for the cost of the insurance. First, however, the complaint does not make that allegation, and the record Nationstar relies on is too cryptic to credit for that purpose at the pleading stage. [DE 14 (referring to an account entry with the description "Hazard SFR Deposit S / F WR REF# 0000")]. Second, while that may affect the extent of Ms. Heuer's recovery should she prevail, it would not be grounds to dismiss the claim in its entirety. The Court therefore denies the motion as to this count too.

**Count 4**

Ms. Heuer next alleges that Nationstar violated the Fair Debt Collections Practices Act by charging late fees in excess of the amounts permitted by the loan. She alleges that Nationstar charged $33.97 in fees and charges in November 2018, and that those fees exceeded the four

percent allowed under the loan. (The complaint also references a property inspection fee, but the Court need not reach that fee to deny the motion to dismiss.) In moving to dismiss, Nationstar argues that the $33.97 did not actually exceed the four percent allowed, since it covered multiple months' worth of late fees. Once again, however, Nationstar is arguing against the allegations in the complaint. Ms. Heuer expressly alleges that the $33.97 fee exceeded the amount allowed by her loan. Nationstar can argue at summary judgment or trial that the evidence shows the contrary, but it cannot do so on a motion to dismiss. The Court therefore denies the motion as to this count.

**Count 5**

Ms. Heuer next alleges that Nationstar violated the Real Estate Settlement Procedure Act by imposing a late fee within 60 days of the transfer of servicing, even though the transferor received timely payments. In moving to dismiss, Nationstar argues that it cancelled out the late fee, so the fee was never actually imposed. In particular, it refers to the account ledger that was attached as an exhibit to Ms. Heuer's complaint. Nationstar acknowledges that the ledger reflects a late fee. But it also argues that the next entry shows that the fee was reversed, so Ms. Heuer's factual allegation is false. The Court cannot rely on the exhibit in that manner at the pleading stage, though. Ms. Heuer expressly alleges that Nationstar imposed a late fee. Nationstar's argument to the contrary is based on an entry with only a cryptic description: "NON CASH FEE ADJ S/F WC REF#." Perhaps a Nationstar employee could explain that entry in an affidavit and establish that no fee was in fact imposed. But at the pleading stage, the Court cannot rely on such an entry to conclude that Ms. Heuer's allegation is false. Thus, the Court cannot grant a motion to dismiss on that basis.

**Count 6**

Finally, Count 6 alleges that Nationstar failed to properly respond to a qualified written request for information, as required by the Real Estate Settlement Procedures Act. In particular, Ms. Heuer alleges that her attorney sent Nationstar a qualified written request on May 2, 2018. Upon receiving such a request, a servicer must conduct an investigation, make any appropriate corrections to the borrower's account, and provide the borrower a written response. 12 U.S.C. § 2605(e)(2). Ms. Heuer alleges that Nationstar sent a response acknowledging her request on May 9, 2018, but never provided a further response to her inquiries.

In moving to dismiss this count, Nationstar argues that it did, in fact, respond to Ms. Heuer's request. It attached a letter it claims to have sent on May 11, 2018, which it argues sufficiently responded to Ms. Heuer's request. This argument is nothing more than a disagreement with Ms. Heuer's allegations, though. Ms. Heuer alleged that Nationstar failed to provide any response beyond its letter of acknowledgement. On a motion to dismiss the Court must accept that allegation as true, so the Court cannot dismiss this count merely because Nationstar has evidence to the contrary. In its reply, Nationstar argues that the Court can properly consider the May 11 letter because a court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim." [DE 28 p. 7 (quoting *Menominee Indiana Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998))]. Yet in the immediately preceding paragraph, Nationstar argued (correctly) that Ms. Heuer's complaint "made no allegations with respect to Nationstar's May 11, 2018, letter," and did not "even mention its existence." *Id.* That being the case, Nationstar cannot rely on that letter in support of a motion to dismiss. The Court therefore denies the motion as to this count.

## IV.  CONCLUSION

The Court DENIES Nationstar's motion to dismiss [DE 13] and STRIKES Ms. Heuer's "Final Response" [DE 29].

SO ORDERED.

ENTERED:  June 4, 2019

        /s/ JON E. DEGUILIO
Judge
United States District Court